IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA**

        **Plaintiff,**                Case No. 03-20087 - JWL

**v.**

**MICHAEL C. HUGHES,**

        **Defendant.**

**MEMORANDUM AND ORDER**

Mr. Hughes pled guilty on April 4, 2005, before this court to a charge of escape, based on his failure to report to a halfway house. The court sentenced him on June 28, 2005, to a 15-month term of imprisonment, and his sentence was affirmed on appeal.[1] At the time he was sentenced by this court, Mr. Hughes was serving a sentence imposed by the district court in the Western District of Missouri on a separate charge.

This matter comes before the court on Mr. Hughes's motion to modify his sentence (doc. 55). He alleges that because he has been in federal custody since May 11, 2004, then the time between May 11, 2004, and November 17, 2004, should be credited toward the sentences imposed by this court and the district court in the Western District of Missouri. For

---

[1] *See United States v. Hughes*, 2006 WL 337591 (10th Cir. 2006).

the reasons explained below, the court finds that Mr. Hughes is not entitled to have his sentence modified based on his stated claim for relief.

## BACKGROUND

Mr. Hughes pled guilty on June 30, 2000, in the Western District of Missouri to the charge of attempted possession of cocaine with intent to distribute. He was sentenced by the district court there and then confined in the Federal Correctional Institution in Florence, Colorado. Authorities released Mr. Hughes on March 13, 2003, on the condition that he report to a halfway house in Leavenworth, Kansas. He failed to appear in Leavenworth, however, and he was indicted in this court for escape on July 23, 2003.

Mr. Hughes then was taken into federal custody by the United States Marshals on May 11, 2004, under a writ of habeas corpus ad prosequendum. At the time, he was in state custody in Missouri serving a state sentence. Mr. Hughes has remained in federal custody since May 11, 2004, although his Missouri state sentence did not expire until November 17, 2004. Mr. Hughes then began serving a separate sentence he received in the Western District of Missouri on November 18, 2004, and when that sentence expired on July 26, 2005, the sentence imposed by this court commenced. His projected release date from the Bureau of Prisons is August 27, 2006. In the end, from the time he was taken into federal custody on May 11, 2004, Mr. Hughes has served three consecutive sentences, each imposed by a different court.

At issue before the court is whether Mr. Hughes is entitled to federal credit for the time he served in federal custody between May 11, 2004, and November 17, 2004, or whether his

federal sentence properly commenced on November 18, 2004.

## STANDARD OF REVIEW

Mr. Hughes alleges in his motion that he is proceeding under Federal Rule of Criminal Procedure 47. That rule, however, only states that a motion filed by a defendant be a written motion. It does not control the substantive requirements for the various types of written motions. In interpreting Mr. Hughes's petition, the court observes that Mr. Hughes does not attack the validity of his conviction; instead, he argues that the BOP has incorrectly calculated his sentences. It is well-established that a habeas petition under 28 U.S.C. § 2241 is the proper method for a federal prisoner to challenge the execution of a sentence. *See,* e.g., *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). To prevail, Mr. Hughes must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C § 2241(c)(3).

## DISCUSSION

1.  **This Court Lacks Jurisdiction**

A § 2241 petition attacking the execution of a sentence must be brought in the district where the petitioner is confined. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996); *United States v. Scott*, 803 F.2d 1095, 1096 (10th Cir.1986). Thus, because, based on the language of his memorandum in support of his motion, Mr. Hughes appears to be confined in the Federal Correctional Institution in Florence, Colorado, this court lacks jurisdiction to decide his petition.

Mr. Hughes alleges that this court has jurisdiction to hear his claim under 18 U.S.C. §

3231. That statute, however, merely states that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."  *Id.*  Such a general statement of jurisdiction  does not remove the jurisdictional limitation added to § 2241 by the Tenth Circuit, which requires that a defendant file a § 2241 petition in the district where the defendant is imprisoned.  As a result, Mr. Hughes has not sufficiently alleged that this court has jurisdiction.

**2.	Consecutive sentences Run Consecutively**

If, in fact, Mr. Hughes was transferred and confined in the district of Kansas when he filed his petition, the court nevertheless would deny his request for relief.  Ultimately, his petition rests on the mistaken belief that his three separate sentences were imposed concurrently, rather than consecutively.  Indeed, under 18 U.S.C. § 3584(a), "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."  *Id.  See also United States v. Williams*,  46 F.3d 57, 59 (10th Cir. 1995) ("The plain meaning of [§ 3584(a)] is that multiple terms of imprisonment imposed at different times will normally run consecutively, unless the district court affirmatively orders that the terms be served concurrently.").  Notably, Mr. Hughes does not allege that any of his three sentences at issue were expressly made concurrent.

Thus, Mr. Hughes received three separate sentences, and each term of imprisonment was imposed consecutively.  In other words, both this court and the district court in the Western District of Missouri imposed consecutive sentences, and neither federal sentence could commence until after Mr. Hughes finished serving his Missouri state court sentence.

4

As a result, although Mr. Hughes has been in federal custody since May 11, 2004, he has not been serving time toward his federal sentences since that point. Instead, as the Bureau of Prisons made clear in answering his internal complaint on this matter, Mr. Hughes was serving the remainder of his Missouri state sentence from May 11, 2004, until November 17, 2004. Mr. Hughes then began serving his sentence in the Western District of Missouri on November 18, 2004, and when that sentence expired on July 26, 2005, the sentence imposed by this court commenced. In the end, based on the above calculations, his projected release date from the Bureau of Prisons is August 27, 2006.

A similar sentencing challenge was at issue in *Bluitt v. Flowers*, 1998 WL 703024 (10th Cir. 1998). Like Mr. Hughes, the defendant in that case "was taken into temporary federal custody pursuant to a writ of habeas corpus ad prosequendum." *Id.* at * 1. The Circuit further explained that the relevant statute in interpreting whether an inmate is entitled to credit for previous time served in custody is 18 U.S.C. § 3585(b). It provides:

> (b) Credit for prior custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> *that has not been credited against another sentence*.

*Id*. (quoting § 3585(b)).

Based on the clear statutory language in effect, the Tenth Circuit in *Bluitt* denied the claim for relief. It easily concluded that "when Mr. Bluitt was transferred to federal custody to begin serving his federal sentences, his presentence detention time had already been

5

credited toward his state sentences. Therefore, under the plain language of § 3585(b), Mr. Bluitt is not entitled to double credit for this time served." *Id.* at * 1.

That analysis controls Mr. Hughes's petition for relief in this case. He does not deny that when he was transferred to federal custody on May 11, 2004, he still was serving the remainder of his Missouri state sentence, which did not expire until November 17, 2004. Accordingly, he "is not entitled to double credit for this time served." *Id*.

In sum, Mr. Hughes "has not overcome the presumption in 18 U.S.C. § 3584 that his federal sentence, imposed at a different time than the state sentence[], runs consecutively to his state sentence[]. Further, pursuant to 18 U.S.C. § 3585(b), no federal credit can be awarded for prior custody because that time was credited to his state sentences." *Varnado v. Federal Bureau of Prisons,* 2001 WL 1588034, *2 (10th Cir. 2001) (citing *United States v. Wilson*, 503 U.S. 329, 337 (1992)).

## CONCLUSION

For the reasons explained above, the court does not have jurisdiction over Mr. Hughes's petition. Independently, if the court does have jurisdiction, Mr. Hughes is not entitled to have the length of his consecutive sentences modified.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Hughes's motion to modify his sentence (doc. 55) is denied.

**IT IS SO ORDERED** this 5th day of June, 2006.

6

                                                s/ John W. Lungstrum  
                                                John W. Lungstrum  
                                                United States District Judge